**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO:

**TIMOTHE DOLCINE**

      **Plaintiff,**

**vs.**

**THE VILLAGE OF BISCAYNE PARK,**
**A municipality of the State of Florida**
**CHIEF RAIMUNDO ATESIANI,**
**OFFICER CHARLIE DAYOUB,**
**OFFICER RAUL FERNANDEZ**
**OFFICER RAVELO**
**individually and in their official capacity.**

      **Defendants.**

---

# COMPLAINT

---

    Plaintiff, TIMOTHE DOLCINE, by and through the undersigned attorney sues defendant(s) THE VILLAGE OF BISCAYNE PARK, (a municipality of the State of Florida, CHEIF RAIMUNDO ATESIANO, CHARLIE DAYOUB, RAUL FERNANDEZ and GULLIERMO RAVELO  in their official capacity, and states:

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court exists by virtue of claims under 42 U.S.C §1983 for violations of federal constitutional rights. Pursuant to 28, U.S.C. §1331 and §1334(a)(3) this Court has original jurisdiction over this action as it presents a "federal question"

2.      Venue is proper in this Court as the controversy arose in Miami-Dade County, Florida.

## PARTIES

3.      Plaintiff, TIMOTHE DOLCINE, is and for all times pertinent was a resident of Miami-Dade County, Florida.

4.      At all times material hereto defendant, THE VILLAGE OF BISCAYNE PARK (THE VILLAGE) is a municipal corporation and was a Department of Public Safety ("Village of Biscayne Park Police Department") within the State of Florida.

5.      At all times material hereto defendant, RAIMUNDO ATESIANO (ATESIANO), was an employee and the Chief of Police of the Village of Biscayne Park Police Department.

6.      At all times material hereto defendant, CHARLIE DAYOUB (DAYOUB), was a police officer and full-time employee of the Village of Biscayne Park Police Department.

7.      At all times material hereto, defendant, RAUL FERNANDEZ (FERNANDEZ), was a reserve police officer employed by the Village of Park Biscayne Police Department.

8.      At all times material hereto, defendant GUILLERMO RAVELO was a police officer and  full time employee of the Village of Biscayne Park Police Department.

## GENERAL ALLEGATIONS

9.      On or about June 13, 2013 Plaintiff was charged by the Village of Biscayne Park Police Department on felony burglary charges.

10.      The first burglary was allegedly committed April 2, 2013 at the location of 1222 NE 12th St. when the rear door was pryed open, and Defendants Dayoub and Fernandez charged Plaintiff.

11.      The second burglary was allegedly committed April 2, 2013 at the location 11408 NE 2nd Ave. when the rear door was pryed open, and Defendants Dayoub and Fernandez charged Plaintiff.

12.     The third burglary was allegedly May 22, 2013 at the location of 11790 NE 12th Ct. when the rear door was pryed open, and Defendants Dayoub and Fernandez charged plaintiff.

13.     The fourth burglary was committed April 10, 2013 at 12022 NE 10th Av. and Defendants Dayoub and Fernandez charged plaintiff.

14.     Plaintiff was charged for four separate burglaries to unoccupied dwellings that occurred in April and May in Biscayne Park without probable cause.

15.     On or about June 13, defendants DAYOUB and FERNANDEZ caused four arrests affidavits with false allegations to be executed.

16.     On February 28, 2013 Defendant Officer Ravelo wrote 22 traffic citations for infractions allegedly committed by Plaintiff without probable cause.

17.     All of the charges against the Plaintiff were resolved in his favor, however he was incarcerated, and unable to get a license due to the violation of his civil rights under color of law.

18.     The defendants were part of a conspiracy to make false arrests to satisfy the Village that crime was being eliminated.

19.     On June 7, 2018 an indictment was filed against the Chief of Police for the Biscayne Park Police Department Raimundo Atesiano, Officer Charlie Dayoub and Officer Raul Fernandez. (See Attached Exhibit 1)

20.     They were charged with conspiracy to violate the rights of plaintiff Timothe Dolcine under color of law.

21.     The indictment charges the police chief Defendant Atesiano since he caused and encouraged officers to arrest plaintiff without legal basis to create a clearance record of all burglaries in the city. Upon information and belief, the Defendants conspired to falsely arrest and

deprive Plaintiff of his rights under color of law for unsolved residential burglaries and other violations.

22.     On July 27, 2018 a superseding indictment was filed charging the defendants with a broader conspiracy involving other citizens who were the victims of their conspiracy.

23.     Defendant Guillermo Ravelo, another Biscayne Park police officer was indicted for falsification of records, and deprivation of rights under color of law. He entered a guilty plea to these charges July 26, 2018. See Attached Plea Agreement Exhibit 2

24.     Defendant Ravelo in 2013 wrote 22 tickets to Plaintiff which were not based upon probable cause or reasonable suspicion.

25.     The defendant DAYOUB pled guilty to the indictments on August 3, 2018 to the charges of conspiracy. (See Attached Plea Agreement Exhibit 3).

## COUNT I – MALICIOUS PROSECUTION
### (AS TO DEFENDANTS ATESIANO, DAYOUB, FERNANDEZ,  RAVELO)

26.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

27.     The aforementioned officers unlawfully and without probable cause instituted criminal proceedings against plaintiff.

28.     The Arrest Affidavits were fraudulent and issued with malice and bad intent on the part of the defendants.

29.     There was a bona fide termination of the criminal charges in favor of the Plaintiff.

30.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendants, ATESIANO, DAYOUB

FERNANDEZ and RAVELO for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT II- FALSE ARREST/IMPRISONMENT
### (AS TO DEFENDANTS ATESIANO, DAYOUB, FERNANDEZ,  RAVELO)

31.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

32.     The aforementioned officers unlawfully and with malice arrested and confined Plaintiff against his will without color of authority. The detention was unreasonable and unwarranted under the circumstances and was committed with the intention to cause plaintiff's confinement or with substantial certainty that his confinement would result.

33.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendants, ATESIANO, DAYOUB FERNANDEZ and RAVELO for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT III – ABUSE OF PROCESS
### (AS TO DEFENDANTS ATESIANO, DAYOUB, FERNANDEZ,  RAVELO)

34.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

35.     The defendants willfully and intentionally misused the criminal legal process for some ulterior and unlawful object or collateral purpose which was unwarranted and unauthorized. Specifically the defendants misused the criminal legal process to enhance the Village of Biscayne Park's clearance rate for burglaries.

36.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendants, ATESIANO, DAYOUB FERNANDEZ and RAVELO for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT 1V – VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT ATESIANO)

37.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

38.     This is a cause of action pursuant to 42 U.S.C. §1983.

39.     The Defendant, ATESIANO, in his official capacity, and as the final decision maker for the police department, violated, and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendment of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

40.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, ATESIANO for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT V – VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT DAYOUB)

41.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

42.     This is a cause of action pursuant to 42 U.S.C. §1983

43.     The Defendant, DAYOUB in his official capacity violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendment of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

44.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, DAYOUB, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT VI – VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT RAVELO)

45.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

46.     This is a cause of action pursuant to 42 U.S.C. §1983.

47.     The Defendant, RAVELO, in his official capacity violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendment of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

48.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, RAVELO, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT VI – VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT FERNANDEZ)

49.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

50.     This is a cause of action pursuant to 42 U.S.C. §1983.

51.     The Defendant, RAVELO, in his official capacity violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendment of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

52.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff

has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, RAVELO, for

damages, including attorney's fees, prejudgment interest and all costs of these proceedings

and demands a trial by jury of all issues so triable.

### COUNT VIII- VIOLATION OF CONSTITUTIONAL RIGHTS
### (AS TO DEFENDANT THE VILLAGE)

53.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs

1-25 as though fully set forth herein.

54.     This is a cause of action pursuant to 42 U.S.C. §1983

55.     THE VILLAGE failed to properly and adequately train the Defendants

ATESIANO, DAYOUB, FERNANDEZ and RAVELO. Said failure to train evidences a deliberate

indifference to the rights of THE VILLAGE'S citizens.   Furthermore there was a history of

widespread abuse prior to the incident involving the Plaintiff herein by the officers in question

such that THE VILLAGE was on notice of the need for improved training and supervision. Despite

said evidence, THE VILLAGE took no actions whatsoever again evidencing a deliberate

indifference to the rights of its citizens.   As a result of THE VILLAGE'S policy and custom of

failing to train the aforementioned officers the Plaintiff's constitutional rights were violated.

Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the

Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from

police harassment and intimidation as provided in the Fifth and Sixth Amendment of the

Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution,

malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth

Amendments of the Constitution of the United States.

56.     The defendant VILLAGE had a custom and policy initiated by the police chief to falsify arrest to clear crime statistics in violation of the Plaintiff constitutional rights.

57.     The defendants acted in agreement to commit illegal acts and actually deprived the plaintiff of his constitutional rights by falsifying arrest records and traffic tickets against him

58.     As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, VILLAGE, for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT IX - CONSPIRACY

59.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-25 as though fully set forth herein.

60.     This is a cause of action pursuant to 42 U.S.C. §1983

61.     The defendants, ATESIANO, DAYOUB, FERNANDEZ and RAVELO, and each of them engaged in a conspiracy to deprive plaintiff of his constitutional rights.

62.     The defendants engaged in overt acts in furtherance of their conspiracy, by falsifying arrest affidavits to charge the plaintiff with burglaries, and traffic violations he did not commit.

63.     The plaintiff was exonerated of the charged but nevertheless injured by the overt acts and concert of acts by the defendants.

64.     The defendants had a custom and policy initiated by the police chief to falsify arrest to clear crime statistics in violation of the Plaintiff constitutional rights.

65.    The defendants acted in agreement to commit illegal acts and actually deprived the plaintiff of his constitutional rights by falsifying arrest records and traffic tickets against him.

66.    As a direct and proximate result of the foregoing acts of the defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendants for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQUIRE
FL Bar No.: 386847
Attorney for Plaintiff
P.O. Box 610575
North Miami, FL  33261
Tel: (305)454-9632;
Fax: (786)520-3972
Email: wcrpleadings@gmail.com