IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:18-cv-23190-DPG

TIMOTHE DOLCINE,

Plaintiff,

vs.

VILLAGE OF BISCAYNE PARK,
a municipal of the State of Florida,
CHIEF RAIMUNDO ATESIANO,
OFFICER CHARLIE DAYOUB,
OFFICER RAUL FERNANDEZ,
OFFICER RAVELO, Individually
and in their official capacity,

Defendants.
_____________________________/

**DEFENDANT, VILLAGE OF BISCAYNE PARK'S MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT**

Defendant, VILLAGE OF BISCAYNE PARK, by and through its undersigned counsel, moves for the entry of an Order dismissing this action and/or for a more definite statement, and states in support, as follows:

1. Plaintiff, TIMOTHE DOLCINE ("DOLCINE"), alleges that when he was 16-years-old in 2013, Officer Ravelo of the Biscayne Park Police Department chased two black males driving a 2005 BMW, which then crashed. Officer Ravelo identified Plaintiff as the driver of the vehicle and then initiated process for Plaintiff to be arrested. Plaintiff further claims thereafter Ravelo proceeded to issue him 22 traffic citations. The Amended Complaint fails to specify whether the issuance of those citations resulted in arrest, custody or prosecution.

2. The only arrest date alleged within the pleading occurred on June 13, 2013. Plaintiff asserts that this arrest was the result of 2013 burglaries which he denies committing, and that this arrest is due to false affidavits filed by Village of Biscayne Park police officers. *First Amended Complaint, ¶13.*

3. The Amended Complaint lacks any allegations beyond 2013 as to any purported misconduct by the subject officers. Instead, Plaintiff seems to theorize, albeit incorrectly, that since he recently became aware of purported illegal motivations for his 2013 arrests, he is permitted to seek redress for those offenses more than four (4) years after they occurred. This lawsuit was filed on August 6, 2018, and Defendant, VILLAGE, thus asserts that any actions of its officers which occurred prior to August 6, 2014 would be time-barred.

4. Plaintiff's lawsuit should be dismissed and/or a more definite statement of his claims should be ordered because: (a) on the face of the First Amended Complaint, the claims are barred by the statute of limitations; (b) there are no allegations within the pleadings which would justify a tolling of the applicable limitations period; (c) the First Amended Complaint is unclear as to whether Plaintiff seeks to bring claims against the individual officers or only against the Village of Biscayne Park; and (d) the First Amended Complaint does not specify whether Plaintiff's receipt of traffic citations resulted in incarceration.

WHEREFORE, Defendant, VILLAGE OF BISCAYNE PARK, moves for the entry of an Order dismissing the First Amended Complaint or for a More Definite Statement.

## A. PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS

### 1. The Length of the Limitations Period is 4 Years.

The first step in assessing whether Plaintiff's claims were timely filed is to determine the length of the limitations period. The Supreme Court, in *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091 (2007) explained that Section 1983 provides a federal cause of action, but that since it contains no express limitations period, district courts must look to the State in which the cause of action arose. Id. at 388. The particular limitation period is for the state's personal injury torts. Id.

Since the action here arose in Florida, claims sounding in false arrest, malicious prosecution or conspiracy are governed by the statutory 4-year limitations period. *See*, *§95.11(3)(o); Chappell v. Rich*, 340 F.3d 1279, 1283 ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §1983"); *Navarro v. City of Riviera Beach*, 192 F.Supp.2d 1353, 1364-65 (S.D. Fla. 2016)(applying four-year statute of limitations to claims of false arrest); *Baez v. Root*, 2014 WL 1414433 at *2 (S.D. Fla., April 11, 2014)(four-year statute of limitations applies to conspiracy claims).

Thus, absent an exception or tolling, Plaintiff was required to file this lawsuit within four (4) years of the accrual of his claims.

### 2. Plaintiff's Claims Accrued in 2013, More Than Four Years Before Suit was Filed.

While the *Wallace* court held that federal courts should look to state law for the length of the limitations period, federal law governs the date it begins to run or accrue. *Id.; see also, Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir. 1996). Toward this end, the Supreme Court has held that accrual begins when a plaintiff has a "present and complete cause of action." *Wallace*, 549 U.S. at 388

(internal citations omitted). The statute of limitations thus begins to run for federal false arrest when the individual is detained pursuant to legal process. *Shepherd v. Wilson*, 663 Fed. Appx. 813, 817 (11th Cir. 2016); *Brown v. Lewis,* 361 Fed. Appx. 51, 55 (11th Cir. 2010).

Here, taking the allegations as true, Plaintiff was arrested on June 13, 2013. He waited, however, until August 6, 2018 to file this lawsuit. From arrest to lawsuit filing is a period of five (5) years, one (1) month and twenty-four (24) days, which is obviously far beyond the applicable limitations period.

**3. The First Amended Complaint Contains No Legal Basis for Tolling.**

When a lawsuit is, on its face, filed beyond the applicable limitations period, the pleading itself must set forth facts setting forth why Plaintiff claims the time period should be tolled. *Parrish v. City of Opp, Ala.*, 898 F.Supp. 839, 841 (M.D. Ala. 1995)("the burden of alleging facts which would give rise to tolling the limitations period falls on the plaintiff").

In the instant case, Plaintiff seemingly predicates tolling upon the fact that indictments were handed down in 2018. That officers were recently charged would have, at most, advised Plaintiff that there was purportedly some ill-motivation for his 2013 arrests. Later knowledge of purported bad motives, however, would not have been the first notice to Plaintiff that he was unlawfully arrested or had a "complete cause of action." Under well-settled law, the motivations for making a false arrest are not factored into the probable cause equation since arrests are judged objectively, i.e. whether a reasonable officer had probable cause to arrest based upon then known facts and circumstances. *Myers v. Bowman*, 713 F.3d 1319, 1328 (an officer has probable cause to arrest when the arrest is "objectively reasonable based on the totality of the circumstances."). Thus, the date Plaintiff learned that one or more officers allegedly acted with ill-motivation is not pertinent to

assessing when the cause of action accrued. If, in fact, Plaintiff did not commit the crimes he was arrested and charged with, he would have had a basis to assert the arrest was false *when he was arrested*. He could have obtained the police reports, investigated the matter, reviewed the evidence, retained counsel and filed suit *within four (4) years, a substantial time period* when compared to other states' limitations period. *See, e.g.*, *Parrish*, 898 F.Supp.2d at 842 (applying 2-year statute of limitations to section 1983 cases); *Clifton v. Jeff Davis County, Georgia,* 2017 WL 1347796 (S.D. Ga. 2017)(same). The recently criminal indictments or indicia that a conspiracy existed would not extend the limitations period. *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016)(conspiracy to commit false arrest is simply a "recast" of the false arrest claim itself, and would necessarily be time-barred if the false arrest claim is as well); *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980)(characterizing defendants' separate acts as being committed in furtherance of a conspiracy does not postpone accrual of claims based on the individual wrongful acts); *Clarke v. Larry*, 2010 WL 6032390 at *4 (C.D. Cal. 2010)(if false imprisonment and false arrest claims are barred by the statute of limitations, so would a claim sounding in a conspiracy to commit those acts).

Here, the Amended Complaint's allegations that Plaintiff and his parents later found out about a conspiracy fails to raise a factual matter which would justify tolling the limitations period.

**4. Application of Time-Bar to Claims against the Village**

Plaintiff's sole count against the VILLAGE in Count VIII seeks relief for deliberate indifference in training, and an allege custom and policy of falsifying arrests. If these allegations are accepted, Plaintiff became aggrieved by those purported policies in 2013, not when he later learned of a criminal action. Accordingly, Count VIII would be barred against the VILLAGE as untimely.

## B. PLAINTIFF SHOULD BE COMPELLED TO CLARIFY AND PROVIDE A MORE DEFINITE STATEMENT OF HIS CLAIMS.

### 1. The Pleadings Are Unclear as to Whether Plaintiff Intends to Bring Claims Against Dayoub, Fernandez and Ravelo, Individually.

In the introductory paragraph of the First Amended Complaint, and in the lawsuit caption, Plaintiff indicates an intent to sue the individual defendant officers only in their ***official capacities***. Pursuant to federal law, when a municipal officer is sued in his official capacity, the suit is merely "'another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing, *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978)). Thus, an "official capacity" suit is the legal equivalent of a suit directly against the municipality. *Busby v. City of Orlando*, 931 F. 2d 764, 776 (11th Cir. 1991). Accordingly, where the plaintiff also has sued the municipality, there is no need to bring an official capacity action against the officials. Id. To keep a municipality, as well as its officers in their official capacity, in the same suit is redundant and potentially confusing. Id.

Here, if Plaintiff indeed only seeks to sue the officers in their official capacities, as they are currently framed, those claims should be dismissed not only as redundant, but for substantive reasons as well. To state a claim against a municipality for a violation of the constitution, Plaintiff must allege a constitutional deprivation by the governmental entity by demonstrating a policy or custom which was the moving force behind the alleged deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003); *Wayne v. Jarvis*, 197 F. 3d 1098, 1107 (11th Cir. 1999), *cert. den.* 120 S.Ct. 1974 (2000) (citing *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997)). In this

regard, the Eleventh Circuit holds that a complaint which actually did contain allegations regarding a governmental policy and practice nonetheless failed to state a claim because it did not contain any ***facts*** supporting this assertion. *Cannon v. Macon County*, 1 F. 3d 1558 (11th Cir 1993) (subsequent history omitted). Moreover, a plaintiff also must establish that whatever custom or policy is alleged was the moving force behind the constitutional deprivation. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Geidel v. City of Bradenton Beach*, 56 F.Supp.2d 1359, 1363 (M.D. Fla. 1999); *Cox v. McRaley*, 993 F.Supp. 1452, 1455 (M.D. Fla. 1998) ("nondescript, conclusory reference to an abstract custom or policy" is insufficient to state a section 1983 claim).

Following *Monell*, the Eleventh Circuit recognized that a plaintiff must plead the following in order to state a cause of action under section 1983 against a governmental entity: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to a constitutional right; and (3) the policy caused the violation of a constitutional right. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). An "official policy" can be established in one of two ways: (1) identifying an officially promulgated policy; or (2) identifying an unofficial custom or practice, usually through the repeated acts of the final policymaker of the entity. *Grech v. Clayton County*, 335 F.3d 1326, 1329-30 (11th Cir. 2003). As indicate above, merely concluding that these elements are satisfied is not enough.

Despite these requirements, the official capacity counts against the officers, which are the equivalent of claims against the Village, fail to allege sufficient factual detail to impose governmental liability upon the Village.

**2. Plaintiff Should Be Compelled To Provide a More Definite Statement as to When the Criminal Charges Against Him Were Disposed Of.**

Plaintiff alleges in Count VIII against the Village that deliberate indifference in training led to a malicious prosecution. While the limitations period accrues for a false arrest at the time of arrest, the accrual date for a malicious prosecution begins when the criminal proceeding terminates in favor of the criminal defendant/civil plaintiff. *Tillman v. Orange County*, 519 Fed.Appx. 632 (11th Cir. 2013). Plaintiff's First Amended Complaint contains sufficient details of the dates of the burglaries, and when arrest affidavits were executed. He, however, conspicuously omits the date or dates on which the criminal proceedings ended, which would be salient to whether his malicious prosecution claim is timely. Rather than permit Plaintiff to creatively plead by omission to survive a motion to dismiss on a time-barred claim, Plaintiff should be compelled to include the date(s) in which criminal proceedings terminated.

**C. THE AMENDED COMPLAINT FAILS TO ESTABLISH THAT THE ISSUANCE OF FALSE CITATIONS IS ACTIONABLE.**

Finally, Plaintiff seemingly seeks to predicate relief upon receipt of traffic citations. *First Amended Complaint, ¶12.* Traffic citations by their nature, however, are non-criminal, do not result in a seizure, and thus do not implicate Constitutional protection. *See, e.g., DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005)(plaintiff failed to establish a malicious prosecution claim over issuance of a summons); *Malcomb v. Dietz*, 487 Fed. Appx. 683 at *5 (3d Cir. 2014)(traffic citations do not deprive the recipient of liberty).

WHEREFORE, Defendant, VILLAGE OF BISCAYNE PARK, moves to dismiss the First Amended Complaint.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of September, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail or by electronic mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, P.A.
Attorneys for Village of Biscayne Park
2455 East Sunrise Boulevard
Suite 1000
Fort Lauderdale, Florida 33304
(954) 463-0100 - Telephone
(954) 463-2444 - Facsimile

By: */s/Scott D. Alexander*
E. BRUCE JOHNSON
Fla. Bar No. 262137
SCOTT D. ALEXANDER
Fla. Bar No. 057207