UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  18-cv-23190-DPG

TIMOTHE DOLCINE,

    Plaintiff,

vs.

THE VILLAGE OF BISCAYNE PARK,
a municipality of the State of Florida,
CHIEF RAIMUNDO ATESIANO,
OFFICER CHARLIE DAYOUB,
OFFICER RAUL FERNANDEZ, and
OFFICER GUILLERMO RAVELO, individually
And in their official capacity,

    Defendants.
_____/

## DEFENDANT, RAIMUNDO ATESIANO'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

    Defendant, CHIEF RAIMUNDO ATESIANO ("Atesiano"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Southern District of Florida Local Rules, hereby files this Motion to Dismiss and Incorporated Memorandum of Law, and states:

1.    This is a purported civil rights action arising from the arrest of Plaintiff for burglary charges by Village of Biscayne Park police officers more than five (5) years ago.  The First Amended Complaint [D.E. #6] alleges five (5) causes of action against Atesiano: Count I – Malicious Prosecution, Count II – False Arrest/Imprisonment, Count III – Abuse of Process, Count IV – Violation of Constitutional Rights, and Count IX – Conspiracy. Dismissal is appropriate because the First Amended Complaint is substantively deficient.

2.      Counts I, II, III, and IV[1] must be dismissed as they amount to an impermissible shotgun pleading in violation of Rules 8 and 10 of the Federal Rules of Civil Procedure. The Eleventh Circuit has defined four general categories of shotgun pleadings that violate these Rules, requiring amendment. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Three of four have been violated by Plaintiff. The conclusory allegations of Counts I, II, and III assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1322-23. Specifically, only one general and vague allegation related to the arrest of Plaintiff is asserted against Atesiano. [D.E. #6 at ¶24]. Count IV, in one sole paragraph that generally alleges that Atesiano violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them. Count IV would fall in the second and third category of shotgun pleading referenced in *Weiland. Id.* These shotgun pleading violations require that Counts I, II, III, and IV in the First Amended Complaint be dismissed as a matter of law. 792 F.3d at 1321.

3.      More importantly, this lawsuit was filed on August 6, 2018 and is barred by the statute of limitations based on the four corners of the First Amended Complaint. The First Amended Complaint alleges that arrest affidavits for the burglaries which Plaintiff denies committing contained false allegations that were executed on June 13, 2013. The year of 2013 is the latest date cited in the First Amended Complaint. Although plaintiffs are ordinarily permitted leave to amend the pleadings to conform to the Rules of Procedure, the Plaintiff's claims must be

---

[1] Of note, Counts I, II, and III each reference 42 U.S.C. §1983, [D.E. #6 at ¶28,¶33, ¶36] but only Count IV is captioned "Violation of Constitutional Rights (as to Defendant Atesiano)". Given these allegations, the pleading is confusing and unclear as Counts I, II, and III appear to be claims under state law torts against the Individual Defendants.

Case 1:18-cv-23190-DPG Document 26 Entered on FLSD Docket 10/15/2018 Page 3 of 15

Dolcine v. The Village of Biscayne Park, et al.
District Court Case No.: 18-cv-23190-DPG
Page 3

dismissed as they are barred by the statute of limitations. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

4. Florida's four-year statute of limitations applies to Plaintiff's claims in the First Amended Complaint. *See* §95.11(3), Fla. Stat. (2013); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("Section 1983 claims, moreover, are governed by the forum state's residual personal injury statute of limitations."). The First Amended complaint is devoid of any allegation regarding the date on which the criminal charges were terminated in his favor. Any claims against Atesiano, that began to accrue prior to four (4) years before filing suit on August 6, 2018 are time-barred. The time expired to pursue Plaintiff's claims by June 13, 2017 because they began to accrue on June 13, 2013— a year and one month before filing this civil action. *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); *See also Wallace*, 549 U.S. at 397.

5. Additionally, Plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine. Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010); *citing McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2001). This doctrine applies to public entities and its employees under § 1983. *Grider*, 618 F.3d at 1261 (citing *Denney v. City of Albany*, 278 F.3d 1172, 1190-91 (11th Cir. 2001). *See Tillman v. Orange County, Fla.*, 519 Fed. Appx. 632, 636 (11th Cir. 2013)(dismissing plaintiff's conspiracy to maliciously prosecute claim, finding the intracorporate conspiracy doctrine applied because the

subject of the alleged conspiracy, the prosecution by false charges, "involves job-related functions well within [their] scope of employment as police officers…").

6.    Finally, suits against a municipal officer sued in his official capacity are tantamount to a claim against the City and are functionally equivalent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985).Therefore, any claims brought against Atesiano in his official capacity are foreclosed since the Village of Biscayne Park has been sued directly. [D.E. #6, Count VIII] Based on well-settled law, this Court should dismiss the First Amended Complaint.

## **MEMORANDUM OF LAW**

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v.*

*Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

## I. THE CONCLUSORY ALLEGATIONS OF COUNTS I, II, III, AND IV AMOUNT TO AN IMPERMISSIBLE SHOTGUN PLEADING THAT MUST BE DISMISSED

In addition to the pleading requirements of Rule 8, Federal Rule of Civil Procedure 10(b) further requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Shotgun pleadings that run afoul of these requirements must be dismissed as a matter of law.

In a recent opinion, the Eleventh Circuit conducted an in-depth analysis of the various forms of shotgun pleadings that have developed over the years. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The court found that " *Id*. at 1323. Counts I, II, III, and IV in the First Amended Complaint are flawed in this way. Specifically, the Amended Complaint falls short in three out of the four categories cited in *Weiland* as shotgun pleadings.

> The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.*at 1321-23

Plaintiff's conclusory and unspecific allegations make it impossible for any of the named Defendants to ascertain the particular acts or omissions each is accused of committing. Counts I, II, and III only make general references to the "aforementioned officers" or "Defendant Officers" without ever specifying the individual conduct attributable to any given officer. This failure to provide any factual detail alleging how each officer was involved in the alleged false arrest, malicious prosecution, or abuse of process, violates the pleading requirements of Rule 8. *See Owaki v. City of Miami*, 491 F. Supp. 2d 1140, 1156 (S.D. Fla. 2007). Furthermore, Count IV, in one sole paragraph generally alleges that Atesiano violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them.[2] Four separate theories of violating Plaintiff's constitutional rights should not be alleged in one count. Count IV falls squarely in the second and third type of shotgun pleading referenced in *Weiland* and runs afoul with Federal Rule of Civil Procedure 10(b). *Id.* Counts I, II, III, and IV of the First Amended Complaint must be dismissed as a matter of law.

## II. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

### A. The Statute of Limitations for Plaintiff's Claims is Four (4) Years

Florida's four-year statute of limitations applies to all of Plaintiff's causes of actions in the First Amended Complaint. A claim under Section 1983 is a federal cause of action containing

---

[2] Even if the First Amended Complaint were properly pled, any purported claim for Fifth, Sixth, and Fourteenth Amendment violations must be dismissed as a matter of law. As the Supreme Court noted, "[t]he Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it." *Albright v. Oliver*, 510 U.S. 266, 274 (1994). It is the Fourth Amendment alone that must therefore be the guidepost for analyzing Plaintiff's § 1983 claims. *Id*. Plaintiff's claims under any of the other constitutional amendments without any supporting allegation must therefore be dismissed with prejudice as a matter of law.

no express limitations period, and therefore, the district court must look to the State in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("Section 1983 claims, moreover, are governed by the forum state's residual personal injury statute of limitations."); *Chappell v. Rich*, 340 F. 3d 1279, 1283 (11th Cir. 2003) (Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. § 1983). The statute of limitations for Plaintiff's claims of malicious prosecution, civil conspiracy, abuse of process, and false imprisonment is four (4) years. Fla. Stat. § 95.11(3)(o), (p). *See Coursen v. Shapiro & Fishman, GP*, 588 Fed. Appx. 882, 884 n. 3 (11th Cir. 2014) (applying Florida's four-year statute of limitations to civil conspiracy and abuse of legal process claims); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act.").

**B. Accrual Began in 2013 and the Claims Expired Over One Year Prior to Filing Suit**

Plaintiff's claims against Atesiano are time-barred as they accrued over four years prior to the commencement of this action, and therefore, should be dismissed. While state law provides the limitations period for § 1983 claims, the accrual date of the cause of action is a question of federal law. *Wallace*, 549 U.S. at 388. Accrual occurs when the plaintiff has a complete and present cause of action and can thus file suit and obtain relief. *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); In *Heining v. City of Anniston, Alabama*, the court found that the: "the statute of limitations for a § 1983 action begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with reasonably prudent regard for his rights.'" 2017 WL 4265382, at *9 (N.D. Ala. Sept. 26, 2017).

More specifically, in a claim for false arrest, the statute of limitations begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. *See Shepherd v. Wilson,* 663 Fed. Appx. 813, 817 (11th Cir. 2016) (finding that the plaintiff was detained pursuant to legal process when he was arrested, at which point, the statute of limitations began to run on the § 1983 claim for false arrest); *Williams v. Allen*, 2017 WL 1653744, at *3 (M.D. Fla. May 2, 2017) (denying plaintiff's argument that the limitations period did not start to run on her false arrest claims until she became aware of the illegality of her arrest). Plaintiff's conspiracy claim accrues at the same time as the underlying tort which is alleged by the Plaintiff as when the Defendants were "falsifying arrest affidavits to charge the Plaintiff with burglaries and traffic violations he did not commit". [D.E. #6 at ¶64]. *See Bloom v. Alvereze*, 498 Fed. Appx. 867 (11th Cir. 2012)( conspiracy claim against police officers and others brought by owner of ranch from which allegedly underfed animals were seized accrued, for limitations purposes, *when owner was arrested* on animal cruelty charges that were later dropped); *Sanders v. Beck*, 2018 WL 4326860 (N.D. Fla. Aug.23, 2018)(finding conspiracy claim accrued at the time of the his allegedly false arrest based on Plaintiff knew of or had reason to know of his injury when he was arrested and arraigned on the charges). Furthermore, the intentional tort of abuse of process does not require a showing that the criminal proceeding terminated in favor of the accused; therefore, also accruing at the time of. *Heck*, 512 U.S. at 495.

In the case at hand, Plaintiff's § 1983 claims against Atesiano for false arrest/imprisonment, abuse of process, and conspiracy accrued on June 13, 2013, the date Plaintiff's arrest affidavits were executed, as alleged. As in *Shepherd*, where the plaintiff's § 1983 claim for false arrest accrued on the date of the arrest, Plaintiff's § 1983 claim accrued on June 13, 2013, the date the arrest affidavit was executed. 663 Fed. Appx. at 817. This claim is

time-barred as it was only brought on August 6, 2018, over four years after the date of accrual, exceeding the limitations period. Plaintiff's abuse of process claim also accrued on the date the arrest affidavit was executed, June 13, 2013, and it is therefore barred by the four-year statute of limitations.

Interestingly, the First Amended Complaint is devoid of any alleged date regarding the termination of the prior criminal proceeding resolving in favor of Plaintiff. [D.E. #6 at ¶20, ¶31]. An essential element of a malicious prosecution claim is the termination of the prior criminal proceeding in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Therefore, in a malicious prosecution claim, accrual occurs when the final element is satisfied. *See Tillman v. Orange County, Fla.*, 519 Fed. Appx. 632, 635 (11th Cir. 2013) ("For § 1983 claims that 'necessarily imply the invalidity of [a] conviction or sentence,' plaintiffs have no cause of action and cannot file suit until that conviction or sentence has been invalidated."). Since this date is absent from the First Amended Complaint, and there are no allegations to establish it occurred within the requisite statute of limitations period, the malicious prosecution fails given the expiration of the other claims.

### C. There is no Basis for Tolling the Statute of Limitations

Plaintiff's claims against Atesiano, brought pursuant to § 1983, are time-barred, and there is no basis for tolling the limitation period alleged in the First Amended Complaint. Section 95.051(i), Florida Statutes, provides for the tolling of a limitation period when a minor party is injured and the parent or guardian of the minor does not exist, has an interest adverse to the minor, or is adjudicated incapacitated to sue. Further, case law provides that a statute of limitations does not run against a minor child until the parent knew or should have known *the facts* which support a cause of action. *See Drake By & Through Fletcher v. Island Cmty. Church,*

*Inc.*, 462 So. 2d 1142, 1144 (Fla. 3d DCA 1984) (statute of limitations was tolled as to a minor child's claims because his parent did not have knowledge of the facts supporting the claims since they were fraudulently concealed by the defendants for five years). *See also, Doe No. 60 v. G-Star Sch. of Arts, Inc.*, 16-CV-80446, 2017 WL 2212429, at *2 (S.D. Fla. May 19, 2017) (finding that the statute of limitations was tolled until the plaintiff, alleging sexual harassment and assault by a former teacher, turned 18 years old because her parents had "*no notice or knowledge in the relevant time period of facts* concerning the sexually abusive and inappropriate relationship") (emphasis added).

Here, none of these factors are present, and therefore, neither the statutory tolling provision in Section 95.051(i) nor the common law tolling applies. As alleged, Plaintiff was 16 years old and lived with his mother at the time of the incident. [D.E. #6 at ¶ 9]. Nothing in the First Amended Complaint provides reason to believe the Plaintiff's mother did not have knowledge of the facts giving rise to his claims. In fact, the presence of the attached indictments for the officers to the First Amended Complaint have no bearing on the accrual of Plaintiff's claims for false arrest, abuse of process, §1983 claim, and conspiracy claim. Such attachments under the law do not support tolling. Plaintiff could have proceeded with his these very same claims within the four (4) years statute of limitation period, but failed to do so. Plaintiff could have brought these claims at or about the time he was arrested in 2013. The basis for the arrest was purported probable cause which is from an objective reasonable standpoint, the motivation of the officers' decision to arrest is not factored in the charge. *See Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (an officer has probable cause to arrest when the arrest is "objectively reasonable based on the totality of the circumstances.") The allegations that neither Plaintiff nor his parent had reason to know of the conspiracy to violate his civil rights until the

matter was investigated fails to raise a factual issue that would justify tolling the statute of limitations.

Further, equitable tolling is not appropriate in a case where a claimant simply "failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Generally, equitable tolling is allowed in the case where a claimant actively pursues his judicial remedies by filing a defective pleading within the statutory period or when a claimant is induced or tricked by an adversary's misconduct to delay his filing in order to allow the deadline to pass. *Id.* Equitable tolling is not extended in a claim of excusable neglect. *Id.* Here, the Plaintiff has not been induced or tricked into filing after the limitations period had passed. Therefore, the equitable tolling of the limitations periods for these claims should not be allowed in this case.

Plaintiff's claims should be dismissed as a matter of law because the claims are barred by the four-year statute of limitations and there is no basis for tolling the limitation period. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

### III. PLAINTIFF'S § 1983 CLAIM FOR CONSPIRACY IS BARRED BY THE INTRACORPORATE CONSPIRACY DOCTRINE

Count IX is barred by the intracorporate conspiracy doctrine. It is alleged that the Defendants engaged in overt acts in furtherance of their conspiracy, by falsifying arrest affidavits to charge the Plaintiff with burglaries and traffic violations he did not commit. [D.E. #6 at ¶64, ¶67]. Under the intracorporate conspiracy doctrine, a corporation's employees, acting as agents of the corporation, are deemed incapable of conspiring among themselves or with the corporation. *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010); *citing*

*McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2001). This doctrine applies to public entities and its employees under § 1983. *Grider*, 618 F.3d at 1261 (citing *Denney v. City of Albany*, 278 F.3d 1172, 1190-91 (11th Cir. 2001). This doctrine stems from basic agency principles that "'attribute the acts of agents of a corporation to the corporation, so that all of their acts are considered to be those of a single legal actor.'" *Dickerson v. Alachua Cnty. Comm'm*, 200 F.3d 761, 767 (11th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 603 (5th Cir. 1981)).

Applying these principles to various constitutional claims under the Fourth Amendment, the Eleventh Circuit and its district courts have routinely held that the intracorporate conspiracy doctrine bars conspiracy claims alleged against employees of a single government agency. *See e.g.*, *Grider*, 618 F.3d at 1261; *Rehberg v. Paulk*, 611 F.3d 828, 854 (11th Cir. 2010) *aff'd,* 132 S. Ct. 1497 (2012) (intracorporate conspiracy doctrine barred Fourth Amendment conspiracy to maliciously prosecute claims); *Gonzalez-Torres v. Buswell*, 2014 WL 1272754, at *15 (M.D. Fla. 2014) (intracorporate conspiracy doctrine barred Fourth Amendment conspiracy to fabricate probable cause with falsified police reports); *McClendon v. City of Sumiton, Ala.*, 2015 WL 2354187, at *10 (N.D. Ala. 2015) (intracorporate conspiracy doctrine barred conspiracy claim based on various purported Fourth Amendment violations); *Myers v. Florida*, 2014 WL 68067, at *9 (N.D. Fla. 2014) (same); *see Tillman v. Orange County, Fla.*, 519 Fed. Appx. 632, 636 (11th Cir. 2013)(dismissing plaintiff's conspiracy to maliciously prosecute claim, finding the intracorporate conspiracy doctrine applied because the subject of the alleged conspiracy, the prosecution by false charges, "involves job-related functions well within [their] scope of employment as police officers…").

In this case, all of the alleged conspirators are employees of the Village of Biscayne Park [D.E. #6 at ¶¶5-8]. The subject of the alleged conspiracy –"falsifying arrest records"– involved job-related functions clearly within the scope of their employment as Village of Biscayne Park police officers. *See Grider*, 618 F.3d at 1261; *Tillman,* 519 Fed. Appx. At 636. As such, Count IX must be dismissed as a matter of law for failure to state a cause of action.

## IV. CLAIMS BROUGHT AGAINST THE INDIVIDUAL DEFENDANT IN HIS OFFICIAL CAPACITY ARE FORECLOSED

The style of the case specifically states the Defendants are being sued in their "Individually, "and in their official capacity" although it is not specifically addressed in the allegations. [D.E. #6]. Suits against a municipal officer sued in his or her official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond). *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). To the extent that the Plaintiff has sued Atesiano in his official capacity, it is tantamount to the same claim brought against the Village of Biscayne Park. The official capacity claims are mere duplication and should be dismissed as matter of law. *See Busby v. City of Orlando*, 931 F.2d 764 (11th Cir. 1991).

WHEREFORE, the Defendant, CHIEF RAIMUNDO ATESIANO, respectfully requests this Court grant his Motion to Dismiss and Incorporated Memorandum of Law, and any other relief deemed appropriate.

I hereby certify that on this 15th day of October, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and also sent via regular U.S. Mail to *Pro Se* Plaintiff to the address listed on the attached Service List.

> MARRERO & WYDLER
> *Attorneys for Defendant Raimundo Atesiano*
> 2600 Douglas Road, PH-4
> Coral Gables, FL 33134
> (305) 446-5528
> (305) 446-0995 (fax)
>
> BY __/s/ Oscar E. Marrero_____
>     OSCAR E. MARRERO
>     F.B.N.: 372714
>     oem@marrerolegal.com
>     LOURDES ESPINO WYDLER
>     F.B.N.: 719811
>     lew@marrerolegal.com
>     ALEXANDRA C. HAYES
>     F.B.: 109482
>     ach@marrerolegal.com

*Dolcine v. The Village of Biscayne Park, et al.*
*District Court Case No.: 18-cv-23190-DPG*
*Page 15*

## SERVICE LIST

Counsel for Plaintiff:

William C. Robinson, Esq.
P.O. Box 610575
North Miami, FL 33261
FB N 386847
(305) 454-9632
(786) 520-3972
robinsonwilliam8@gmail.com

Counsel for Village:

E. Bruce Johnson, Esquire
Scott Alexander, Esquire
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Ste. 1000
Ft. Lauderdale, FL  33304
954-463-0100
954-463-2444 Facsimile
Johnson@jambg.com
alexander@jambg.com

Counsel for Raul Fernandez:

Stephanie Deutsch, Esq.
Lewis, Stroud & Deutsch, PL
1875 NW Corporate Blvd., Suite 100
Boca Raton, FL 33431
(561) 826-2800
sdeutsch@lsdlaw.net
Secondary e-mail:  twolosh@lsdlaw.net