UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-23190-GAYLES/OTAZO-REYES

TIMOTHE DOLCINE,

    Plaintiff,
v.

THE VILLAGE OF BISCAYNE PARK, *et al.,*

    Defendants.
    _____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Village of Biscayne Park's Motion to Dismiss and for More Definite Statement [ECF No. 16], Defendant Raimundo Atesiano's Motion to Dismiss [ECF No. 26], Defendant Raul Fernandez's Motion to Dismiss First Amended Complaint [ECF No. 40], and Defendant Charlie Dayoub's Motion to Dismiss First Amended Complaint [ECF No. 41]. The Court has carefully reviewed the Motions, the record, and the applicable law. For the reasons discussed below, the Motions are granted in part.

## BACKGROUND

On June 13, 2013, Defendant the Village of Biscayne Park (the "Village") arrested Plaintiff Timothe Dolcine, then 16 years old, for multiple crimes based on false allegations by Village Officers Guillermo Ravelo ("Ravelo"), Charlie Dayoub ("Dayoub"), and Raul Fernandez ("Fernandez"). Village Chief of Police Raimundo Atesiano ("Atesiano") caused and encouraged the officers to wrongfully arrest Plaintiff and others in a coordinated effort to improve the Village Police Department's crime statistics.[1] The charges against Plaintiff were eventually resolved in his favor.

---

1     In this Order, the Court refers to Atesiano, Dayoub, Fernandez, and Ravelo as the "Individual Defendants." The Court refers to the Individual Defendants and the Village collectively as the Defendants.

1

On June 7, 2018, the United States indicted Atesiano, Dayoub, and Fernandez for Conspiracy against Rights in violation of 18 U.S.C. § 241 and Deprivation of Rights under Color of Law in violation of 18 U.S.C. § 242. *See United States v. Atesiano, et al.*, Case No. 18-cr-20479-KMM.[2] The United States also indicted Ravelo for Deprivation of Rights in violation of 18 U.S.C. § 242 and for Falsification of Records in violation of 18 U.S.C. § 1519. *See United States v. Ravelo*, Case No. 18-cr-20255-CMA. Plaintiff was one of the Individual Defendants' victims in the criminal actions.

On August 6, 2018, Plaintiff filed this action against the Defendants. On August 14, 2018, Plaintiff filed an Amended Complaint asserting claims for malicious prosecution as to the Individual Defendants (Count I); false arrest/imprisonment as to the Individual Defendants (Count II); abuse of process as to the Individual Defendants (Count III); Section 1983 violation of constitutional rights as to each of the Defendants (Counts IV-VIII); and conspiracy as to the Individual Defendants (Count IX). All of the Defendants have moved to dismiss for failure to state a claim.

## ANALYSIS

### I. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (alteration added) (quoting *Twombly*, 550 U.S. at 555).

---

2 On July 27, 2018, the United States filed a Superseding Indictment against Atesiano, Dayoub, and Fernandez charging the same counts but adding additional victims.

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1369 (11th Cir. 1997).

II.     **Pleading Deficiencies**

Although Plaintiff's Amended Complaint provides a compelling account of government-sanctioned police officer misconduct, it suffers from several pleading flaws. First, the Amended Complaint is unclear as to whether Plaintiff is suing the Individual Defendants in their official and/or individual capacities. The law distinguishes between individual and official capacity suits. "[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.' . . . Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) (internal footnote omitted). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly . . . ." *Id.* Accordingly, any claims against the Individual Defendants in their official capacities must be dismissed. Should Plaintiff seek to proceed against the Individual Defendants in their individual

3

capacities, he must make that clear in an amended complaint. In addition, the Amended Complaint is unclear as to whether Counts I through III are pled pursuant to Section 1983 or Florida law. Accordingly, the Amended Complaint is dismissed with leave to amend.

The Court does not address whether Plaintiff's claims are time-barred as the applicable limitations periods might vary depending on the claims alleged in the Second Amended Complaint. The Court notes, however, that even if Plaintiff's claims are time-barred by statute, equitable tolling may be appropriate. *See Andrade v. Erin Capital Management, LLC*, No. 09-21186, 2010 WL 1961843, *1 (S.D. Fla. May 17, 2010) (finding equitable tolling appropriate where plaintiff was unaware that her rights had been violated); *Booth v. Carnival*, 510 F. Supp. 2d 985, 988 (S.D. Fla. 2007) ("[E]quitable tolling may be applied to toll an expired statute of limitations when . . . the plaintiff was unaware that his/her rights had been violated and therefore of the need to seek redress . . . "). Here, Plaintiff was a minor when he was wrongfully arrested and likely unaware of his legal rights. More importantly, while Plaintiff might have known some of the circumstances surrounding his wrongful arrest, he could not have been aware that the Individual Defendants' actions were part of a conspiracy sanctioned by the Village's police department until the United States apprised him of the criminal investigation. It would be inequitable and unjust to find that Plaintiff's claims against Defendants, four of whom have admitted guilt, are time-barred.

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Defendant Village of Biscayne Park's Motion to Dismiss and for More Definite Statement [ECF No. 16], Defendant Raimundo Atesiano's Motion to Dismiss [ECF No. 26], Defendant Raul Fernandez's Motion to Dismiss First Amended Complaint [ECF No. 40], and Defendant Charlie Dayoub's Motion to Dismiss First

4

Amended Complaint [ECF No. 41] are GRANTED in PART. Plaintiff's First Amended Complaint is DISMISSED without prejudice. Plaintiff shall file his Second Amended Complaint on or before January 4, 2018. It is further

**ORDERED AND ADJUDGED** that Defendants shall file joint motions with co-parties unless there are clear conflicts of position. If conflicts of position exist, parties shall explain the conflicts in their separate motions.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of December, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE