**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**TIMOTHE DOLCINE**                                    CASE NO: 18 -CV-23190 DPG

      **Plaintiff,**

**vs.**

**THE VILLAGE OF BISCAYNE PARK,**
**A municipality of the State of Florida**
**CHIEF RAIMUNDO ATESIANI,**
**OFFICER CHARLIE DAYOUB,**
**OFFICER RAUL FERNANDEZ**
**OFFICER GUILLERMO RAVELO**

      **Defendants.**
_____/

**SECOND AMENDED COMPLAINT**

Plaintiff, TIMOTHE DOLCINE, by and through the undersigned attorney sues defendant(s) THE VILLAGE OF BISCAYNE PARK, (a municipality of the State of Florida), CHIEF RAIMUNDO ATESIANO, CHARLIE DAYOUB, RAUL FERNANDEZ and GULLIERMO RAVELO in their individual capacities, and states:

**JURISDICTION AND VENUE**

1.      Jurisdiction of this Court exists by virtue of claims under 42 U.S.C §1983 for violations of federal constitutional rights. Pursuant to 28 U.S.C. §1331 and §1334(a)(3) this Court has original jurisdiction over this action as it presents a "federal question"

2.      Venue is proper in this Court as the controversy arose in Miami-Dade County, Florida.

**PARTIES**

3.  Plaintiff, TIMOTHE DOLCINE, is and for all times pertinent was a resident of

Miami-Dade County, Florida.

      4.      At all times material hereto Defendant, THE VILLAGE OF BISCAYNE PARK (THE VILLAGE) is a municipal corporation and provided a Department of Public Safety ("Village of Biscayne Park Police Department") to protect the public. At all times relevant THE VILLAGE employed the defendant police sued herein.

      5.      At all times material hereto Defendant, RAIMUNDO ATESIANO (ATESIANO), was an employee and the Chief of Police of the Village of Biscayne Park Police Department. As Chief ATESIANO established policy for the department, and is responsible for the conduct of his officers, ensuring they obey the laws of the state of Florida, and the United States. Defendant ATESIANO is being sued in his individual capacity.

      6.      At all times material hereto Defendants, CHARLIE DAYOUB, RAUL FERNANDEZ, GUILLERMO RAVELO, were police officers and full-time employee of the Village of Biscayne Park Police Department, acting under color of law. Said officers are being sued in the individual capacities.

      7.      The defendants violated Plaintiff TIMOTHE DOLCINE's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

      8.      At all times material hereto, and in all their acts described herein, Defendants were acting under color of state law, and color of their authority as public officials and public employees.

## GENERAL ALLEGATIONS

      9.      On February 28, 2013 the Plaintiff was a minor, 16 years old, living with his mother in the Village of Biscayne Park.

10.     The Defendant VILLAGE OF BISCAYNE PARK was required to hire and train officers who were competent, and law-abiding police officers to protect citizens and not violate federally protected rights of persons they encountered.

11.     The VILLAGE OF BISCAYNE PARK failed to hire competent law-abiding police and supervise them to enforce the law without violation of federal protected rights of citizens.

12.     On that date and time, Defendant RAVELO chased two black males allegedly driving a 2005 BMW.

13.     After the vehicle crashed, RAVELO alleged he identified the Plaintiff as the driver and initiated the process for the Plaintiff to be picked up on several charges including battery on a law enforcement officer, resisting arrest with violence and disorderly conduct.

14.     Defendant RAVELO also issued 22 traffic citations to the Plaintiff, none of which were based upon probable cause or reasonable suspicion.

15.     The actions of Defendant RAVELO were done with malice, for an evil purpose based upon racial animus, and discriminatory motives.

16.     On or about June 13, 2013 Plaintiff still a minor, 16 years old, was arrested by the Village of Biscayne Park Police Department based upon Defendant RAVELO'S accusations from February 28, 2013.

17. Plaintiff was additionally charged with four separate burglaries to unoccupied dwellings that occurred in April and May 2013 in Biscayne Park without probable cause.

18.     The first burglary was allegedly committed April 2, 2013 at the location of 1222 NE 12th St. when the rear door was pried open, and Defendants DAYOUB and FERNANDEZ charged Plaintiff.

19.    The second burglary was allegedly committed April 2, 2013 at the location 11408 NE 2nd Avenue when the rear door was pried open, and Defendants DAYOUB and FERNANDEZ charged Plaintiff.

20.    The third burglary was allegedly committed April 10, 2013 at 12022 NE 10th Avenue when the rear door was pried open, and Defendants DAYOUB and FERNANDEZ charged plaintiff.

21.    The fourth burglary was allegedly committed May 22, 2013 at the location of 11790 NE 12th Court when the rear door was pried open and Defendants DAYOUB and FERNANDEZ charged plaintiff.

22.    On or about June 13, Defendants DAYOUB and FERNANDEZ caused the four arrests affidavits with false allegations to be executed.

23.    The false affidavits prepared by Defendant's DAYOUB and FERNANDEZ were done in furtherance of the a conspiracy, with malice, evil intent and based upon racial animus and discriminatory motives.

24.    All the charges against the Plaintiff were resolved in his favor; however, he was incarcerated, and unable to get a license due to the violation of his civil rights under color of law.

25.    The Defendants were part of a conspiracy to make false arrests to satisfy the Village that crime was being eliminated. The then juvenile Plaintiff, Dolcine, nor his parent, knew of this conspiracy. Neither the Plaintiff nor his parent had reason to know of the conspiracy to violate Plaintiff's civil rights until the matter was investigated.

26.    On June 7, 2018 an indictment was filed against the Chief of Police for the Biscayne Park Police Department Raimundo Atesiano, Officer Charlie Dayoub and Officer Raul Fernandez. (See Attached Exhibit 1)

27.     They were charged with conspiracy to violate the civil rights of Plaintiff
TIMOTHE DOLCINE under color of law.

28.     The indictment charges the police chief Defendant ATESIANO since he caused,
conspired and encouraged officers to arrest people of African descent including Plaintiff without
legal basis to create a clearance record of all burglaries in the city. Upon information and belief,
the Defendants conspired to falsely arrest, and deprive Plaintiff, and others of their rights under
color of law for unsolved residential burglaries and other violations. This was done with racial
animus, evil intent and malice.

29.     On July 27, 2018 a superseding indictment was filed charging the Defendants
with a broader conspiracy involving other people of African descent who were the victims of
their conspiracy.

30.     Defendant RAVELO was indicted for crimes including conspiracy against civil
rights, and deprivation of rights under color of law. He entered a guilty plea to these charges July
26, 2018. (See Attached Plea Agreement Exhibit 2).

31.     The Defendant DAYOUB pled guilty to the indictment on August 3, 2018
admitting to deprivation of rights under color of law. His factual proffer admitted a conspiracy to
unlawfully arrest and falsely charge plaintiff with crimes without probable cause. (See Attached
Plea Agreement/ Factual Proffer Exhibit 3).

32.     Defendant ATESIANO pled guilty to the charges of conspiracy to deprive rights
under color of law and has been sentenced to prison. The factual proffer establishes the
conspiracy with the defendants DAYOUB and FERNANDEZ to falsely accuse, and charge
Plaintiff with crimes he did not commit. (See Attached Plea Agreement/ Factual Proffer Exhibit
4)

33. Defendant FERNANDEZ plead guilty to willful deprivation of rights while acting under color of law on August 3, 2018. His factual proffer admitted a conspiracy to unlawfully arrest and falsely charge plaintiff with crimes without probable cause. (See Attached Plea Agreement/ Factual Proffer Exhibit 5).

## COUNT I – MALICIOUS PROSECUTION 42 U.S.C.1983
## (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

34. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-33 as though fully set forth herein pursuant to 42 U.S.C. 1983.

35.     The Defendant THE VILLAGE OF BISCAYNE PARK, in furtherance of the policy of racial discrimination unlawfully and without probable cause instituted criminal proceedings against Plaintiff.

36.     The Arrest Affidavits charging Plaintiff were fraudulent and issued with malice and bad intent on the part of the defendants.

37.     The actions of the defendant VILLAGE OF BISCAYNE PARK violated the Constitution of the United States of America and the right to be free from unreasonable illegal seizure which is violative of the Fourth Amendment and Fourteenth Amendment.

38.     There was a bona fide termination of the criminal charges in favor of the Plaintiff.

39.     As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against defendant, VILLAGE OF BISCAYNE PARK for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT II- FALSE ARREST/IMPRISONMENT 42 U.S.C. 1983
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

40. Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-33 as though fully set forth herein pursuant to 42 U.S.C. 1983.

41.     The Defendant VILLAGE OF BISCAYNE PARK unlawfully and with malice arrested, and confined Plaintiff against his will without color of authority. The detention was unreasonable and unwarranted under the circumstances and was committed with the intention to cause Plaintiff's confinement, or with substantial certainty that his confinement would result.

42.     The proceeding against the plaintiff were terminated in his favor and no probable cause justified the defendants act under color of law.

43.     The false arrest by the defendant was violative of the Constitution of the United States, and said seizure violates the right to be free from illegal seizures guaranteed by the Fourth Amendment as a clear restraint on plaintiff's freedom of movement.

44.     As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant, VILLAGE OF BISCAYNE PARK for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT III – ABUSE OF PROCESS 42 U.S.C.1983
### (AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)

45.     Plaintiff realleges and reaffirms each and every allegation contained in paragraphs 1-33 as though fully set forth herein pursuant to 42 U.S.C. 1983

46.     The Defendants willfully and intentionally misused the criminal legal process for some ulterior, and unlawful object or collateral purpose which was unwarranted and unauthorized. Specifically, the defendants misused the criminal legal process to issue excessive traffic violations, and issue false arrest affidavits to enhance the Village of Biscayne Park's clearance rate for burglaries.

47.     Defendant's abuse of process is violative of the Constitution of the United States and contrary to the protections embodied in the Fifth Amendment of due process.

48.     As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant, VILLAGE OF BISCAYNE PARK for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

**COUNT 1V – VIOLATION OF CONSTITUTIONAL RIGHTS**
**(AS TO DEFENDANT VILLAGE OF BISCAYNE PARK)**

49.     Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

50.     This is a cause of action pursuant to 42 U.S.C. §1983.

51.     The Defendant, VILLAGE OF BISCAYNE PARK through the actions of its police chief ATESIANO as the final decision maker for the police department, and officers acting at his behest, violated, and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution,

malicious abuse of process and unlawful seizure as provided by the Fourth and Fourteenth Amendments of the Constitution of the United States.

52.     As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendant, VILLAGE OF BISCAYNE PARK for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

### COUNT V – 42 U.S.C.1983 CLAIMS AGAINST DEFENDANT ATESIANO

53.     Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

54.     This is a cause of action pursuant to 42 U.S.C. §1983.

55.     While Defendant was acting under color of law in his individual capacity he violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendants violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

56.     The conduct of the defendant in racial profiling and targeting plaintiff is clearly reprehensible to a great degree.

57.     The defendant's conduct was motivated by evil intent, and or callousness indifference towards the federally protected rights of plaintiff while acting under color of law.

58.     Even more pernicious, the defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent due to the policy of the Village.

59.     The gross recklessness of the defendant's conduct should shock the conscience of the court and deterrence requires imposition of punitive damages.

60.     As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental and emotional anguish, and loss of enjoyment of life as heretofore alleged.

61.     42 U.S.C. Sec. 1983 provides a remedy for violations of these rights.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

### <u>COUNT VI – 42 U.S.C.1983 CLAIMS AGAINST DEFENDANT DAYOUB</u>

62. Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

63. This is a cause of action pursuant to 42 U.S.C. §1983.

64. While Defendant was acting under color of law in his individual capacity, he violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the Constitution of the United States; and the Plaintiff's right to be free from

malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

65. The conduct of the defendant's in racial profiling and targeting plaintiff is clearly reprehensible to a great degree.

66. The defendant's conduct was motivated by evil intent, and or callousness indifference towards the federally protected rights of plaintiff while acting under color of law.

67. Even more pernicious, the defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent due to the policy of the Village.

68. The gross recklessness of the defendant's conduct should shock the conscience of the court and deterrence requires imposition of punitive damages.

69. As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental and emotional anguish, and loss of enjoyment of life as heretofore alleged.

70. 42 U.S.C. Sec. 1983 provides a remedy for violations of these rights.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

### COUNT VII – 42 U.S.C.1983 CLAIMS AGAINST DEFENDANT FERNANDEZ

71. Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

72. This is a cause of action pursuant to 42 U.S.C. §1983.

73. While Defendant was acting under color of law in his individual capacity, he violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

74. The conduct of the defendant in racial profiling and targeting plaintiff is clearly reprehensible to a great degree.

75. The defendant's conduct was motivated by evil intent, and or callousness indifference towards the federally protected rights of plaintiff while acting under color of law.

76. Even more pernicious, the defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent due to the policy of the Village.

77. The gross recklessness of the defendant's conduct should shock the conscience of the court and deterrence requires imposition of punitive damages.

78. As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental and emotional anguish, and loss of enjoyment of life as heretofore alleged.

79. 42 U.S.C. Sec. 1983 provides a remedy for violations of these rights.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

### <u>COUNT VIII – 42 U.S.C.1983 CLAIMS AGAINST DEFENDANT RAVELO</u>

80. Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

81. This is a cause of action pursuant to 42 U.S.C. §1983.

82. While Defendant was acting under color of law in his individual capacity, he violated and deprived the Plaintiff of his constitutional rights. Specifically the Defendant violated the Plaintiff's right pursuant to the Fourth Amendment of the Constitution of the United States to be free from illegal seizure, the Plaintiff's right to be free from police harassment and intimidation as provided in the Fifth and Sixth Amendments of the Constitution of the United States; and the Plaintiff's right to be free from malicious prosecution, malicious abuse of process and unlawful seizure as provide by the Fourth and Fourteenth Amendments of the Constitution of the United States.

83. The conduct of the defendant in racial profiling and targeting plaintiff is clearly reprehensible to a great degree.

84. The defendant's conduct was motivated by evil intent, and or callousness indifference towards the federally protected rights of plaintiff while acting under color of law.

85. Even more pernicious, the defendant's conduct was racially motivated, and was repeatedly and intentionally directed towards people of African descent due to the policy of the Village.

86. The gross recklessness of the defendants' conduct should shock the conscience of the court and deterrence requires imposition of punitive damages.

87. As a direct and proximate result of the foregoing acts of the Defendant, the Plaintiff has and will continue to suffer great mental and emotional anguish, and loss of enjoyment of life as heretofore alleged.

88. 42 U.S.C. Sec. 1983 provides a remedy for violations of these rights.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

## COUNT X CIVIL CONSPIRACY

89. Plaintiff realleges and reaffirms each allegation contained in paragraphs 1-33 as though fully set forth herein.

90. This is a cause of action pursuant to 42 U.S.C. §1985.

91. The Defendant, VILLAGE OF BISCAYNE PARK, through the actions of its employees ATESIANO, DAYOUB, FERNANDEZ and RAVELO, engaged in a conspiracy to deprive plaintiff of his constitutional rights.

92. The Defendants engaged in overt acts in furtherance of their conspiracy, by falsifying arrest affidavits to charge the Plaintiff with burglaries, and traffic violations he did not commit.

93. The Plaintiff was exonerated of the charges but nevertheless injured by the overt acts and concert of acts by the Defendants.

94. The Defendant had a custom and policy initiated by the police chief to falsify arrest to clear crime statistics in violation of the Plaintiff constitutional rights.

95. The Defendant engaged in a policy and practice of racial discrimination against persons of African descent within the city and said practices are pernicious to the constitutional rights of the plaintiff.

96. The Defendant acted in agreement to commit illegal acts, based upon racial animus, and deprived the plaintiff of his constitutional rights by falsifying arrest records and traffic tickets against him.

97. The police have been indicted and pled guilty to federal crimes as a result of their participation in the conspiracy of racial discrimination against people of African descent.

98. As a direct and proximate result of the foregoing acts of the Defendants, the Plaintiff has and will continue to suffer great mental anguish.

WHEREFORE, Plaintiff prays for judgment against Defendants for damages, including attorney's fees, prejudgment interest and all costs of these proceedings and demands a trial by jury of all issues so triable.

Dated January 4, 2019

/s/ William C. Robinson
WILLIAM C. ROBINSON, ESQUIRE
FL Bar No.: 386847
Attorney for Plaintiff
P.O. Box 610575
North Miami, FL  33261
Tel: (305)454-9632; Fax: (786)520-3972
Email: wcrpleadings@gmail.com