UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-23190-DPG

TIMOTHE DOLCINE,

    Plaintiff,

vs.

THE VILLAGE OF BISCAYNE PARK,
a municipality of the State of Florida,
CHIEF RAIMUNDO ATESIANO,
OFFICER CHARLIE DAYOUB,
OFFICER RAUL FERNANDEZ, and
OFFICER GUILLERMO RAVELO, individually
And in their official capacity,

    Defendants.
_____/

## DEFENDANTS', JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, VILLAGE OF BISCAYNE PARK, RAIMUNDO ATESIANO, CHARLIE DAYOUB, RAUL FERNANDEZ, and GUILLERMO RAVELO, by and through their respective counsel,[1] pursuant to Federal Rule of Civil Procedure 12 and Southern District of Florida Local Rule, 7.1, hereby file this Joint Motion to Dismiss Plaintiff's Second Amended Complaint and Incorporated Memorandum of Law, and states

1. This is a purported civil rights action arising from the arrest of Plaintiff for burglary charges by Village of Biscayne Park police officers more than five (5) years ago. Plaintiff has filed a Second Amended Complaint after his First Amended Complaint was dismissed for various pleading deficiencies. *See* [D.E. #50]. The Second Amended Complaint must be

---

[1] While the Defendants are represented by separate counsel, this Motion has been filed jointly since the dismissal arguments do not demonstrate "clear conflicts of position." [D.E. #50].

dismissed as it remains perhaps more deficient than the prior pleadings. Rather than alleging separate causes of action in separate counts as the Rules require, the Second Amended Complaint now alleges a generalized cause of action for "42 U.S.C. 1983 claims" against each of the Defendants in Count IV (Village of Biscayne Park; Count V (Raimundo Atesiano); Count VI (Charlie Dayoub); Count VII (Raul Fernandez); and Count VIII (Guillermo Ravelo). The Second Amended Complaint also generally alleges a claim for conspiracy against all Defendants in Count X. The Second Amended Complaint must be dismissed as each of these claims fail to comply with the Federal Rules of Civil Procedure.

2. The generalized § 1983 claims alleged against each Defendant incorporate no less than eight (8) different theories of liability, arising under four different constitutional amendments. Meanwhile Plaintiff's conspiracy claim makes generalized references to the "Defendants" and their "overt acts in furtherance of their conspiracy" without ever specifying the individual conduct attributable to any given Defendant. This amounts to an impermissible shotgun pleading under Rules 8 and 10 of the Federal Rules of Civil Procedure.

3. The Eleventh Circuit has defined four general categories of shotgun pleadings that violate these Rules, requiring amendment. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). Three of four have been violated by Plaintiff. The conclusory allegations of Counts IV, V, VI, VII, VIII and X assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1322-23. These violations require dismissal as a matter of law.

4. Additionally, the Second Amended Complaint must be dismissed as many of the claims asserted are barred by the statute of limitations, and equitable tolling does not apply. Applying

the applicable law to the four corners of the complaint, this action was filed well outside the four-year limitations period and the explicit exceptions for which tolling could apply do not exist. *See* §95.11(3), Fla. Stat. (2013); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("Section 1983 claims, moreover, are governed by the forum state's residual personal injury statute of limitations.").

5. Both Plaintiff and his guardians were aware of the facts giving rise to the causes of action alleged in the Second Amended Complaint at the time of Plaintiff's arrest in June 2013. The claims alleged in Counts II, III, IV, V, VI, VII, VIII, and X thus all accrued on that date, regardless of any alleged lack of knowledge regarding the overarching conspiracy. *Sanders v. Beck*, 2018 WL 4326860 (N.D. Fla. 2018), *rep. and rec. adopted,* 2018 WL 4326812 (N.D. Fla. 2018); *Heining v. City of Anniston, Alabama*, 2017 WL 4265382, at *9 (N.D. Ala. 2017). Because Plaintiff and his guardians were aware of these facts and there was no legal barrier to Plaintiff's guardians asserting these claims on his behalf during his brief remaining period of minority, equitable tolling and equitable estoppel are inapplicable to the instant action. Fla. Stat. § 95.015(i); *Tucker v. City of Plantation*, 2014 WL 11706421, at *3 (S.D. Fla. 2014). These claims must therefore be dismissed with prejudice as a matter of law.

6. The Eleventh Circuit recognized that a plaintiff must plead the following in order to state a cause of action under section 1983 against a governmental entity: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to a constitutional right; and (3) the policy caused the violation of a constitutional right. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). To survive a motion to dismiss a *Monell* claim of custom and policy, the Plaintiff is required to supply factual allegations other than the circumstances surrounding his own incident to frame a claim. *Willis v. City of Coral*

*Springs*, 16-cv-60059-Bloom, Order on Motion to Dismiss (D.E. 23)(S.D. Fla., July 13, 2016). Despite having had ample time to seek information to support factual allegations supporting a custom and policy, the Second Amended Complaint offers nothing more than conclusory assertions that fail to state a cause of action under *Monell*. The claims against the Village of Biscayne Park must therefore be dismissed as a matter of law.

## MEMORANDUM OF LAW

### *Dismissal Standard*

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A defendant may move to dismiss a complaint for "failure to state a claim on which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a defendant's motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain enough factual allegations to "raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 570. The facts found in the complaint must "state a claim to relief that is plausible on its face." *Id*.

This pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court's holding in *Ashcroft v. Iqbal* requires the trial courts to "identify allegations of the complaint that because of their conclusory nature are not entitled to the assumption of truth." *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1238 (S.D. Fla. 2013) (citing *Ashcroft*, 556 U.S. 662). Allegations "full of self-serving hyperbole, personal attacks, and formulaic, implausible conclusions" must be disregarded. *Spence-Jones v. Rundle*, 991 F. Supp. 2d 1221, 1224 (S.D. Fla. 2013).

## I. THE CONCLUSORY ALLEGATIONS OF THE SECOND AMENDED COMPLAINT AMOUNT TO AN IMPERMISSIBLE SHOTGUN PLEADING THAT MUST BE DISMISSED

In addition to the pleading requirements of Rule 8, Federal Rule of Civil Procedure 10(b) further requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances… If doing so would promote clarity, each claim founded on a separate transaction or occurrence… must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). Shotgun pleadings that run afoul of these requirements must be dismissed as a matter of law.

The Eleventh Circuit conducted an in-depth analysis of the various forms of shotgun pleadings that have developed over the years. *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015). The court found that "the unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id*. at 1323. Counts IV, V, VI, VII, VIII and X of the Second Amended Complaint are flawed in this way. Specifically, the Second Amended Complaint falls short in three out of the four categories cited in *Weiland* as shotgun pleadings: those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; those that "commit the sin of not separating into a different count each cause of action or claim for relief"; and finally, those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1321-23.

Plaintiff's conclusory and unspecific allegations make it impossible for any of the named Defendants to ascertain the specific causes of action asserted against them, the particular acts or

omissions each is accused of committing, or which alleged acts or omissions the Plaintiff contends amounts to each of the numerous constitutional violations alleged. Count X only make general references to the "Defendants" and their "overt acts in furtherance of their conspiracy" without ever specifying the individual conduct attributable to any given Defendant. These vague, conclusory assertions do not comply with the Federal Rules of Civil Procedure and must be dismissed as a matter of law.

Furthermore, Count V, in one sole paragraph generally alleges that Atesiano violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them. [D.E. #52 at ¶ 55]. Plaintiff then goes on to allege, again without any specific factual support, claims for equal protection and substantive due process based on "conscience shocking" and "racially motivated" acts. [D.E. #52 at ¶ 58-59]. Four separate theories of violating Plaintiff's constitutional rights should not be alleged in one count, let alone a single paragraph. Count V falls squarely in the second and third type of shotgun pleading referenced in *Weiland* and runs afoul with Federal Rule of Civil Procedure 10(b). *Id.*

Count VI, in one sole paragraph generally alleges that Dayoub violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them. [D.E. #52 at ¶ 64]. Plaintiff then goes on to allege, again without any specific factual support, claims for equal protection and substantive due process based on "conscience shocking" and "racially motivated" acts. [D.E. #52 at ¶ 67-68]. Four separate theories of violating Plaintiff's constitutional rights should not be alleged in one count, let alone a single paragraph. Count VI falls squarely in the second and third type of

shotgun pleading referenced in *Weiland* and runs afoul with Federal Rule of Civil Procedure 10(b). *Id.*

Count VII, in one sole paragraph generally alleges that Fernandez violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them. [D.E. #52 at ¶ 73]. Plaintiff then goes on to allege, again without any specific factual support, claims for equal protection and substantive due process based on "conscience shocking" and "racially motivated" acts. [D.E. #52 at ¶ 76-77]. Four separate theories of violating Plaintiff's constitutional rights should not be alleged in one count, let alone a single paragraph. Count VII falls squarely in the second and third type of shotgun pleading referenced in *Weiland* and runs afoul with Federal Rule of Civil Procedure 10(b). *Id.*

Count VIII, in one sole paragraph generally alleges that Ravelo violated Plaintiff's Fourth, Fifth, Sixth, and Fourteenth Amendments without being separated into different counts or without any detailed allegations to support them. [D.E. #52 at ¶ 82]. Plaintiff then goes on to allege, again without any specific factual support, claims for equal protection and substantive due process based on "conscience shocking" and "racially motivated" acts. [D.E. #52 at ¶ 85-86]. Four separate theories of violating Plaintiff's constitutional rights should not be alleged in one count, let alone a single paragraph. Count VIII falls squarely in the second and third type of shotgun pleading referenced in *Weiland* and runs afoul with Federal Rule of Civil Procedure 10(b). *Id.*

Even if the Second Amended Complaint were properly pled, any purported claim for Fifth, Sixth, and Fourteenth Amendment violations must be dismissed as a matter of law. As the Supreme Court noted, "[t]he Framers considered the matter of pretrial deprivations of liberty and

drafted the Fourth Amendment to address it." *Albright v. Oliver*, 510 U.S. 266, 274 (1994). It is the Fourth Amendment alone that must therefore be the guidepost for analyzing Plaintiff's § 1983 claims. *Id*. Plaintiff's claims under the Fifth and Sixth Amendments must therefore be dismissed with prejudice as a matter of law. Although Plaintiff could theoretically bring a claim for substantive due process and equal protection violations under the Fourteenth Amendment, Plaintiffs conclusory allegations of conscience shocking conduct and racial animus fail to state a plausible claim. *See e.g. Whittington v. Town of Surfside*, 2007 WL 9702399, at *9 (S.D. Fla. Jan. 3, 2007); *Parker v. Smyrna Police Dept.*, 2010 WL 4540286, at *2 (N.D. Ga. Oct. 29, 2010); *McKenna v. City of Birmingham*, 2008 WL 11424128, at *6 (N.D. Ala. Sept. 25, 2008). Counts IV, V, VI, VII, VIII and X of the Second Amended Complaint must therefore be dismissed as a matter of law.

Finally, Plaintiff seemingly seeks to predicate relief upon receipt of traffic citations. [D.E. #52 at ¶ 14]. Traffic citations by their nature, however, are non-criminal, do not result in a seizure, and thus do not implicate Constitutional protection. *See e.g.*, *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005) (plaintiff failed to establish a malicious prosecution claim over issuance of a summons); *Malcomb v. Dietz*, 487 Fed. Appx. 683 at *5 (3d Cir. 2014) (traffic citations do not deprive the recipient of liberty). Therefore, the entire Second Amended Complaint is subject to dismissal.

## II. STATUTE OF LIMITATIONS BARS PLAINTIFF'S CLAIMS BECAUSE EQUITABLE TOLLING AND EQUITABLE ESTOPPEL DO NOT APPLY[2]

### A. The Statute of Limitations for Plaintiff's Claims is Four (4) Years

---

[2] Defendants note this Court's language in its prior Order dismissing Plaintiff's First Amended Complaint. [D.E. #50, p. 4]. However, the Plaintiff's allegations fail to meet the required burden to assert any equitable tolling argument. *See infra*. Section II.

Florida's four-year statute of limitations applies to all of Plaintiff's causes of actions in the Second Amended Complaint. A claim under Section 1983 is a federal cause of action containing no express limitations period, and therefore, the district court must look to the State in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). *See Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("Section 1983 claims, moreover, are governed by the forum state's residual personal injury statute of limitations."); *Chappell v. Rich*, 340 F. 3d 1279, 1283 (11th Cir. 2003) (Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. § 1983). The statute of limitations for Plaintiff's claims of malicious prosecution, civil conspiracy, abuse of process, and false imprisonment is four (4) years. Fla. Stat. § 95.11(3)(o), (p). *See Coursen v. Shapiro & Fishman, GP*, 588 Fed. Appx. 882, 884 n. 3 (11th Cir. 2014) (applying Florida's four-year statute of limitations to civil conspiracy and abuse of legal process claims); *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) ("a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act.").

**B. Accrual Began in 2013 and the Claims Expired Over One Year Prior to Filing Suit**

Plaintiff's claims against the Defendants are time-barred as they accrued over four years prior to the commencement of this action, and therefore, should be dismissed. While state law provides the limitations period for § 1983 claims, the accrual date of the cause of action is a question of federal law. *Wallace*, 549 U.S. at 388. Accrual occurs when the plaintiff has a complete and present cause of action and can thus file suit and obtain relief. *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997); In *Heining v. City of Anniston, Alabama*, the court found that the: "the statute of limitations for a § 1983 action begins to run from the date 'the facts which would support a cause of action are apparent

or should be apparent to a person with reasonably prudent regard for his rights.'" 2017 WL 4265382, at *9 (N.D. Ala. 2017).

More specifically, in a claim for false arrest, the statute of limitations begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. *See Shepherd v. Wilson,* 663 Fed. Appx. 813, 817 (11th Cir. 2016) (finding that the plaintiff was detained pursuant to legal process when he was arrested, at which point, the statute of limitations began to run on the § 1983 claim for false arrest); *Williams v. Allen*, 2017 WL 1653744, at *3 (M.D. Fla. May 2, 2017) (denying plaintiff's argument that the limitations period did not start to run on her false arrest claims until she became aware of the illegality of her arrest). Plaintiff's conspiracy claim accrues at the same time as the underlying tort which is alleged by the Plaintiff as when the Defendants were "falsifying arrest affidavits to charge the Plaintiff with burglaries and traffic violations he did not commit". [D.E. #52 at ¶92]. *See Bloom v. Alvereze*, 498 Fed. Appx. 867 (11th Cir. 2012)( conspiracy claim against police officers and others brought by owner of ranch from which allegedly underfed animals were seized accrued, for limitations purposes, *when owner was arrested* on animal cruelty charges that were later dropped); *Sanders v. Beck*, 2018 WL 4326860 (N.D. Fla. 2018), *rep. and rec. adopted,* 2018 WL 4326812 (N.D. Fla. 2018) (finding conspiracy claim accrued at the time of the his allegedly false arrest based on Plaintiff knew of or had reason to know of his injury when he was arrested and arraigned on the charges); *Heining*, 2017 WL 4265382, at *13 (plaintiff's claims accrued at time of arrest, despite allegations that they did not discover two officials' involvement in alleged conspiracy until almost three years later). Furthermore, the intentional tort of abuse of process does not require a showing that the criminal proceeding terminated in favor of the accused; therefore, also accruing at the time of. *Heck*, 512 U.S. at 495.

In the case at hand, Plaintiff's § 1983 claims against the Defendants for false arrest/imprisonment, abuse of process, and conspiracy accrued on June 13, 2013, the date Plaintiff's arrest affidavits were executed, as alleged. [D.E. #52 at ¶ 22]. As in *Shepherd*, where the plaintiff's § 1983 claim for false arrest accrued on the date of the arrest, Plaintiff's § 1983 claim accrued on June 13, 2013, the date the arrest affidavit was executed. 663 Fed. Appx. at 817. This claim is time-barred as it was only brought on August 6, 2018, over four years after the date of accrual, exceeding the limitations period. Plaintiff's abuse of process claim also accrued on the date the arrest affidavit was executed, June 13, 2013, and it is therefore barred by the four-year statute of limitations.

Plaintiff attempts to circumvent accrual of his conspiracy claims by alleging that neither he nor his parents were able to learn of the alleged conspiracy until an unspecified later date. [D.E. #52 at ¶ 25]. This allegation does nothing to prevent the running of the statute of limitations as the Second Amended Complaint clearly establishes that both Plaintiff, who was almost to the age of majority at the time, and his parents knew or should have known of the facts supporting the underlying violations supporting the conspiracy. *See Heining*, 2017 WL 4265382, at *13 (finding plaintiff's claims, including conspiracy, accrued in 2012, despite allegations that plaintiff did not learn of two conspirators' participation in the conspiracy until 2015). Ignorance of the facts constituting a cause of action does not prevent the statute of limitations from running. *Drake v. Whaley*, 2009 WL 10664669, at *5 (N.D. Ga. 2009), *aff'd,* 355 Fed. Appx. 315 (11th Cir. 2009); *Myrthil v. Schade*, 2018 WL 3972183, at *5 (S.D. Fla 208) (plaintiff knew at the time of his arrest that he had been stopped for a violation which he did not commit and that his vehicle was searched without consent, therefore statute of limitations began to run at that time, not when the officers later testified falsely at a suppression hearing); *Hayward v. Lee County*

*Sheriff's Office*, 2017 WL 6550866, at *3 (M.D. Fla. 2017) (plaintiff's conspiracy claims were barred by statute of limitations because injury caused by the conspiracy accrued on the same day as the underlying false arrest claim).

Interestingly, the Second Amended Complaint is devoid of any alleged date regarding the termination of the prior criminal proceeding resolving in favor of Plaintiff. [D.E. #52 at ¶ 24]. An essential element of a malicious prosecution claim is the termination of the prior criminal proceeding in favor of the accused. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Therefore, in a malicious prosecution claim, accrual occurs when the final element is satisfied. *See Tillman v. Orange County, Fla.*, 519 Fed. Appx. 632, 635 (11th Cir. 2013) ("For § 1983 claims that 'necessarily imply the invalidity of [a] conviction or sentence,' plaintiffs have no cause of action and cannot file suit until that conviction or sentence has been invalidated."). Since this date is absent from the Second Amended Complaint, and there are no allegations to establish it occurred within the requisite statute of limitations period, the malicious prosecution fails given the expiration of the other claims.

### C. There is no Basis for Tolling the Statute of Limitations

Plaintiff's claims against the Defendants, brought pursuant to § 1983, are time-barred, and there is no basis for tolling the limitation period alleged in the Second Amended Complaint. Federal courts must apply state law in determining whether equitable tolling of the statute of limitations applies. *Hayward v. Lee County Sheriff's Office*, 2017 WL 6550866, at *3 (M.D. Fla. 2017) (quoting *Seibert v. Comm'r, Ga. Dep't of Corr.*, 680 Fed. Appx. 837, 839 (11th Cir. 2017)). Section 95.051(i), Florida Statutes, provides three exclusive conditions upon which the statute of limitations may be tolled based on the injured party's minority status at the time of injury. Tolling in any other circumstance other than those listed in § 95.051 is expressly

prohibited under Florida law. *Baez v. Root*, 2014 WL 1414433, at *3 (S.D. Fla. 2014). The only circumstances that allow for tolling when a minor party is injured are: (1) if a parent or guardian of the minor does not exist (2) if the parent or guardian has an interest adverse to the minor, or (3) the parent or guardian is adjudicated incapacitated to sue. Fla. Stat. § 95.051(i).

Here, none of these factors are present, and therefore, neither the statutory tolling provision in Section 95.051(i) nor the common law tolling applies. As alleged, Plaintiff was 16 years old and lived with his mother at the time of the incident. [D.E. #52 at ¶ 9]. Nothing in the Second Amended Complaint provides reason to believe the Plaintiff's mother did not have knowledge of the facts giving rise to his claims. *See Tucker v. City of Plantation*, 2014 WL 11706421, at *3 (S.D. Fla. 2014) (finding that seven-year limitations period for minor victims of abuse not applicable to an excessive force claim brought by a plaintiff who was a year away from majority at the time of incident because both he and his parents knew or should have known of the facts giving rise to the excessive force claim). The Florida appellate courts recently confirmed that a cause of action accrues when the last element occurs, regardless of whether there exists a person who can bring an action on the minor's behalf, pursuant to Fla. Stat. § 95.031(1). *D.H. by and through R.H. v. Adept Community Services*, 217 So.3d 1072 (Fla. 2d DCA 2017). Only in unique circumstances where the parent or guardian were wholly unaware of the underlying misconduct, rather than just unaware that a potential legal claim existed, will a "delayed discovery doctrine" apply to toll a minor's claims. *See Doe No. 3 v. Nur-Ul-Islam Academy, Inc.*, 217 So.3d 85 (Fla. 4th DCA 2017) (applying the delayed discovery doctrine to toll statute of limitations because the defendant actively concealed the underlying misconduct from the parents); *Doe No. 60 v. G-Star Sch. of Arts, Inc.*, 2017 WL 2212429, at *5 (S.D. Fla. 2017) (minor's cause of action accrues when parents ***knew or should have known*** of underlying

wrongs forming basis of claims); *Drake By & Through Fletcher v. Island Cmty. Church, Inc.*, 462 So. 2d 1142, 1144 (Fla. 3d DCA 1984) (statute of limitations begins to run when the parent knew or reasonably should have known ***those facts which supported a cause of action***). The allegations of the Second Amended Complaint make clear that both Plaintiff and his legal guardians had knowledge of the facts giving rise to this lawsuit.

The attached indictments for the officers have no bearing on the accrual of Plaintiff's claims for false arrest, abuse of process, §1983 claim, and conspiracy claim, nor do they support tolling of the limitations period as a matter of law. Plaintiff could have proceeded with his these very same claims within the four (4) years statute of limitation period, but failed to do so. Plaintiff could have brought these claims at or about the time he was arrested in 2013. The basis for the arrest was purported probable cause which is from an objectively reasonable standpoint, the motivation of the officers' decision to arrest is not factored in the charge. *See Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (an officer has probable cause to arrest when the arrest is "objectively reasonable based on the totality of the circumstances."). The allegations that neither Plaintiff nor his parent had reason to know of the conspiracy to violate his civil rights until the matter was investigated fails to raise an issue that would justify tolling the statute of limitations. *See A.P. ex rel. Ferez v. GlaxoSmithKline, LLC*, 2014 WL 3928522, at *3 (S.D. Fla. Aug. 12, 2014) (a plaintiff, or his guardian, need only have actual or constructive notice, through the exercise of reasonable diligence, of the possible invasion of his legal rights). As stated, the allegations of the Second Amended Complaint clearly establish that Plaintiff and his guardians were aware of the necessary facts underlying the causes of action asserted on the date of Plaintiff's arrest, thus beginning the statute of limitations period. *Drake By & Through Fletcher v. Island Cmty. Church, Inc.*, 462 So. 2d 1142, 1144 (Fla. 3d DCA 1984).

Because Plaintiff has failed to allege any facts showing that he and/or his guardians lacked actual or constructive notice of the facts giving rise to the current claims, the causes of action alleged in the Second Amended Complaint accrued in 2013, more than four (4) years prior to the initiation of this lawsuit. The Second Amended Complaint further establishes that Plaintiff had legal guardians at all relevant times that were neither in an adverse legal position to him nor adjudicated incapacitated. Fla. Stat. § 95.051(i). Therefore, Plaintiff is not entitled to a tolling of the statute of limitations under Florida law. *Id*.; *see also Hayward*, 2017 WL 6550866, at *3; *Seibert*, 680 Fed. Appx. at 839.

Further, equitable estoppel is not appropriate in a case where a claimant simply "failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Generally, equitable estoppel is allowed in the case where a claimant actively pursues his judicial remedies by filing a defective pleading within the statutory period or when a claimant is induced or tricked by an adversary's misconduct to delay his filing in order to allow the deadline to pass. *Id.* Equitable estoppel is not extended in a claim of excusable neglect. *Id.* Here, the Plaintiff has not been induced or tricked into filing after the limitations period had passed. That the officers may have falsified reports or given false testimony in the criminal proceedings against Plaintiff does not alter this conclusion. *Sanders*, 2018 WL 4326860, at *4 (officers' falsification of arrest affidavits and false testimony did not equitably estop them from asserting statute of limitations defense because plaintiff knew of the injuries he suffered from a concealed conspiracy to falsely arrest him at the time of arrest). Plaintiff's claims should be dismissed as a matter of law because the claims are barred by the four-year statute of limitations and there is no basis for tolling the limitation period. *See La Grasta v. First Union Sec., Inc.*, 358

F.3d 840, 845 (11th Cir. 2004) ("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

## III. THE SECOND AMENDED COMPLAINT FAILS TO SET FORTH A BASIS TO IMPOSE MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

To state a claim against a municipality for a violation of the constitution, Plaintiff must allege a constitutional deprivation by the governmental entity by demonstrating a policy or custom which was the moving force behind the alleged deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003); *Wayne v. Jarvis*, 197 F. 3d 1098, 1107 (11th Cir. 1999), *cert. den.* 120 S.Ct. 1974 (2000) (citing *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997)). In this regard, the Eleventh Circuit holds that a complaint which actually did contain allegations regarding a governmental policy and practice nonetheless failed to state a claim because it did not contain any facts supporting this assertion. *Cannon v. Macon County*, 1 F. 3d 1558 (11th Cir 1993) (subsequent history omitted). Moreover, a plaintiff also must establish that whatever custom or policy is alleged was the moving force behind the constitutional deprivation. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Geidel v. City of Bradenton Beach*, 56 F.Supp.2d 1359, 1363 (M.D. Fla. 1999); *Cox v. McRaley*, 993 F.Supp. 1452, 1455 (M.D. Fla. 1998) ("nondescript, conclusory reference to an abstract custom or policy" is insufficient to state a section 1983 claim).

Following *Monell*, the Eleventh Circuit recognized that a plaintiff must plead the following in order to state a cause of action under section 1983 against a governmental entity: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to a constitutional right; and (3) the policy caused the violation of a constitutional right. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir.

2004). An "official policy" can be established in one of two ways: (1) identifying an officially promulgated policy; or (2) identifying an unofficial custom or practice, usually through the repeated acts of the final policymaker of the entity. *Grech v. Clayton County*, 335 F.3d 1326, 1329-30 (11th Cir. 2003). As indicate above, merely concluding that these elements are satisfied is not enough. While, certainly, the entire point of discovery is to gather facts, and oftentimes claims are abandoned due lack of evidence as discovery progresses, governmental entities in Florida are on a different standing. As Judge Bloom noted in *Willis v. City of Coral Springs*, 16-cv-60059-Bloom, Order on Motion to Dismiss (D.E. 23)(S.D. Fla., July 13, 2016), a plaintiff must be required to supply factual allegations other than the circumstances surrounding his own incident to frame a claim. *Id.*, p.10. Like in *Willis*, if the Village of Biscayne Park had a custom, policy and practice of maliciously lodging criminal allegations against arrestees, this is something Plaintiff should already have some evidence of. The incident that gives rise to this claim occurred in 2013. Plaintiff has had ample time to request records under Chapter 119, Florida Statutes, and obtain a credible basis to include a *Monell* claim. If Plaintiff wishes to allege that the Village tolerates wrongful prosecutions, Plaintiff should by now – over 5 years after the fact – be able to cite some examples in his pleading rather than rely exclusively upon conclusions. Having failed to cite examples – any examples – this count should be dismissed.

Despite these requirements, in the Second Amended Complaint at bar, Plaintiff does not allege the existence of any official custom or policy which motivated the purported unconstitutional conduct at issue. He instead asserts nothing more than his belief that the employees that allegedly wronged him acted pursuant to an official custom and policy of the Village, without supporting facts. This is nothing more than an impermissible attempt to hold the City liable for alleged constitutional violations of its employees on the basis of respondeat

superior, something which the Supreme Court has expressly disallowed for the past forty (40) years since *Monell*.

WHEREFORE, the Defendants, VILLAGE OF BISCAYNE PARK, RAIMUNDO ATESIANO, CHARLIE DAYOUB, RAUL FERNANDEZ, and GUILLERMO RAVELO, respectfully request this Court grant their Motion to Dismiss, and any other relief deemed appropriate.

We hereby certify that on this _____ day of January, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing and also sent via regular U.S. Mail to *Pro Se* Plaintiff to the address listed on the attached Service List.

| | |
|---|---|
| JOHNSON ANSELMO, MURDOCH BURKE, PIPER & HOCHMAN PA<br>2455 East Sunrise Blvd., Suite 1000<br>Ft. Lauderdale, FL 33304<br>(954) 463-0100<br>*Attys for Village of Biscayne Park* | LEWIS STROUD & DEUTSCH PL<br>1875 NW Corporate Blvd.<br>Boca Raton, FL 33431<br>(561) 826-2800<br>(561) 826-2828 (fax)<br>*Attys for Dayoub, Fernandez and Ravelo* |
| BY:_/s/ Scott D. Alexander_____<br>   E. BRUCE JOHNSON, ESQ.<br>   FBN:  262137<br>   Johnson@jambg.com<br>   SCOTT D. ALEXANDER, ESQ.<br>   FBN:  057207<br>   alexander@jambg.com | BY:___/s/ Stephanie Deutsch_____<br>   STEPHANIE DEUTSCH, ESQ.<br>   FBN:  503584<br>   sdeutsch@lsdlaw.net |

                                  MARRERO & WYDLER
                                  *Attorneys for Defendant Raimundo Atesiano*

2600 Douglas Road, PH-4
Coral Gables, FL 33134
(305) 446-5528
(305) 446-0995 (fax)


BY __/s/  Oscar E. Marrero_____
OSCAR E. MARRERO
F.B.N.:  372714
oem@marrerolegal.com
LOURDES ESPINO WYDLER
F.B.N.:  719811
lew@marrerolegal.com
ALEXANDRA C. HAYES
F.B.:  109482
ach@marrerolegal.com


**SERVICE LIST**

Counsel for Plaintiff:

William C. Robinson, Esq.
P.O. Box 610575
North Miami, FL 33261
FB N 386847
(305) 454-9632
(786) 520-3972
robinsonwilliam8@gmail.com

Counsel for Defendant, Village of Biscayne Park:

E. Bruce Johnson, Esquire
Scott Alexander, Esquire
Johnson, Anselmo, Murdoch, Burke, Piper & Hochman, P.A.
2455 E. Sunrise Blvd., Ste. 1000
Ft. Lauderdale, FL  33304
954-463-0100
954-463-2444 Facsimile
Johnson@jambg.com
alexander@jambg.com

Counsel for Defendants, Raul Fernandez, Charlie Dayoub and Guillermo Ravelo:

STEPHANIE DEUTSCH, ESQ.

Lewis Stroud & Deutsch, P.L.
1875 NW Corporate Blvd., Suite 100
Boca Raton, FL 33431
(561) 826-2800
(561) 826-2828 (fax)
sdeutsch@lsdlaw.net
F.B. #503584
Secondary e-mail:  twolosh@lsdlaw.net